# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JEFFREY PERRO,

           Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

          Defendant.

Civil Action No. 05-CV-40028

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), by and through its undersigned attorneys, for its Answer to Plaintiff, Jeffrey Perro's, Complaint (the "Complaint"), states as follows:

1.    Home Depot admits that the Plaintiff is an individual, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2.    Home Depot admits that it is a corporation organized under the laws of Delaware with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia, and denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## FACTS

3.      Home Depot admits that it hired Jeffrey Perro in June 2003 as a Loss
Prevention Investigator and that some of his responsibilities included
apprehending shoplifters, investigating internal loss and monitoring  security
devices; and it denies the remaining allegations set forth in Paragraph 3 of the
Complaint.

4.      Home Depot admits that the plaintiff was originally assigned to the
Defendant's store located in Natick, Massachusetts and denies the remaining
allegations set forth in Paragraph 4 of the Complaint.

5.      Home Depot admits that the Plaintiff was assigned to the Everett Home Depot
Store temporarily and denies the remaining allegations set forth in Paragraph
5 of the Complaint.

6.      Home Depot admits that the Plaintiff went to the Everett Home Depot Store
and met with Craig Brewer and John Carr and discussed the Plaintiff's job
responsibilities and it denies the remaining allegations set forth in Paragraph 6
of the Complaint.

7.      Home Depot admits that the Plaintiff worked at the Everett Home Depot
Store; that the Plaintiff was told that a male had stolen a power tool from the
tool rental department; and to look out for the perpetrator; and it denies the
remaining allegations set forth in Paragraph 7 of the Complaint.

8.      Home Depot is without knowledge or information sufficient to form a belief
as to the truth of the allegations set forth in Paragraph 8 of the Complaint and
therefore denies the same.

9.     Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10.    Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11.    Home Depot admits that the plaintiff went to the cashier's station, attempted to leave the store and was approached by a Home Depot employee after an alarm sounded.  The Plaintiff then identified himself as a Home Depot employee.  Home Depot denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12.    Home Depot admits that the Plaintiff went, at some point, to the loss prevention office and had a conversation with Craig Brewer after which the plaintiff continued his shift; and it denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.    Home Depot admits that some time later, while the Plaintiff was at the Natick Home Depot store, Bart Adler ("Adler") asked the Defendant to come with him into a private office; the Plaintiff agreed and went to the office and sat in a chair near a desk; Pedro Garcia, the Divisional Operations Manager sat near the desk;  and Home Depot denies the remaining allegation set forth in Paragraph 13 of the Complaint.

14.    Home Depot admits that Pedro Garcia and the Plaintiff had a meeting; and

that it later informed the Plaintiff that he was terminated; and it denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.    Home Depot denies each and every allegation set forth in Paragraph 15 of the Complaint.

## COUNT I
### (Defamation)

16.    Home Depot reasserts its responses to Paragraphs 1-15 as if fully set forth herein.

17.    Home Depot denies each and every allegation set forth in Paragraph 17 of the Complaint.

18.    The allegations set forth in Paragraph 18 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Home Depot denies each and every allegation in Paragraph 18 of the Complaint.

19.    Home Depot denies each and every allegation set forth in Paragraph 19 of the Complaint.

## COUNT II
### (Infliction of Emotional Distress)

20.    Home Depot reasserts its responses to Paragraphs 1-19 as if fully set forth herein.

21.    Home Depot denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.    Home Depot denies each and every allegation set forth in Paragraph 22 of the

Complaint.

23.   Home Depot denies each and every allegation set forth in Paragraph 23 of the

Complaint.

24.   Home Depot denies the allegation set forth in Paragraph 24 of the Complaint.

## COUNT III
### (False Imprisonment)

25.   Home Depot reasserts its responses to Paragraphs 1-24 as if fully set forth

herein.

26.   Home Depot denies each and every allegation set forth in Paragraph 26 of the

Complaint.

27.   Home Depot denies each and every allegation set forth in Paragraph 27 of the

Complaint.

28.   Home Depot denies each and every allegation set forth in Paragraph 28 of the

Complaint.

29.   Home Depot admits that the Plaintiff is entitled to a jury trial on all triable

issues, but denies that the Plaintiff is entitled to any of the relief requested in

the Complaint.

30.   Home Depot denies any and all of the allegations of the Complaint not

specifically admitted herein.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

5

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate his alleged

damages.

## FOURTH AFFIRMATIVE DEFENSE

Home Depot's actions and conduct were based on legitimate business reasons; therefore,

Home Depot acted in good faith with respect to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Home Depot's actions were legal, proper, reasonable, and in

conformity with all applicable regulations and laws.

## SIXTTH AFFIRMATIVE DEFENSE

Home Depot at all times acted in good faith toward Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Home Depot acted without malice or fault in all conduct relating to this matter.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, and are pre-empted by, the Worker's

Compensation Act, M.G.L. c. 152.

## NINTH AFFIRMATIVE DEFENSE

The Defendant's actions were privileged.

## TENTH AFFIRMATIVE DEFENSE

The Defendant's actions were protected under Mass. G.L. c. 231, § 94B.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant did not publish defamatory information to a third party.

## TWELFTH AFFIRMATIVE DEFENSE

Home Depot reserves the right to amend this Answer to add such affirmative defenses as warranted by additional investigation and discovery in this case.

Home Depot demands a jury trial on all issues for which it is so entitled.

WHEREFORE, having fully defended, Defendant Home Depot U.S.A., Inc. prays for judgment as follows:

A.    An order dismissing the Complaint with prejudice;

B.    An order awarding Home Depot its costs and attorneys' fees incurred herein; and

C.    Such other and further relief as the Court deems just and proper.

      s/ Daniel S. Field & Joseph McConnell
Robert P. Joy (BBO No. 254820)
Joseph P. McConnell (BBO No. 566412)
Daniel S. Field (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109-2605
(617) 523-6666

Dated:  February  14, 2005

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff , John M. Wozniak, Esquire Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756 by first-class mail this 14th day of February, 2005.

_____/s/ Joseph P. McConnell_____
Joseph P. McConnell
