## WOCV2005-00044
## Perro v Home Depot USA Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 01/10/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 02/08/2005 | **Session** | A - Civil A (12 Worcester) | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 04/10/2005 | **Answer** | 06/09/2005 | **Rule12/19/20** | 06/09/2005 |
| **Rule 15** | 06/09/2005 | **Discovery** | 11/06/2005 | **Rule 56** | 12/06/2005 |
| **Final PTC** | 01/05/2006 | **Disposition** | 03/06/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Jeffrey Perro
10 Eagle Drive
Douglas, MA 01516
Active 01/10/2005

**Private Counsel 556441**
John M Wozniak
82 Cape Road
Mendon, MA 01756
Phone: 508-478-3788
Fax: 508-533-7405
Active 01/10/2005 Notify

**Defendant**
Home Depot USA Inc
CT Corporation System
101 Federal Street
Boston, MA 02110
Served: 01/19/2005
Served (answr pending) 01/26/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/10/2005 | 1.0 | Complaint & civil action cover sheet filed and rule 29 statement-CJ |
| 01/10/2005 | | Origin 1, Type B04, Track F. |
| 01/10/2005 | | Filing fee paid in the amount of $240.00 including $15.00 surcharge and $20.00 security fee.($275.00) |
| 01/26/2005 | 2.0 | SERVICE RETURNED:  Home Depot USA Inc(Defendant) 1/19/05 (agent person in charge) |
| 02/08/2005 | 3.0 | Deft. Home Depot U.S.A. Inc. notice of removal to the  US District Court of Massachusetts |

### EVENTS

A true copy by photostatic process
Attest:
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(6) 05-0044 | Trial Court of Massachusetts Superior Court Department County: _Worcester_ |
|---|---|---|

| PLAINTIFF(S) _Jeffrey Perro_ | DEFENDANT(S) _Home Depot USA, Inc._ |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE _John M. Wozniak, Wozniak & Padula PC 82 Cape Rd, Mendon, MA 01756_ Board of Bar Overseers number: _556441 - (508)478-3788_ | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| _B04_ | _Other negligence/PI_ | ( F ) | (✓) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
   
   Subtotal $ . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _70,000 approx._
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _unknown_
F. Other documented items of damages (describe)

   _$70,000 +_

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   _Plaintiff suffered the humiliation and emotional trauma from being falsely imprisoned together with the defamation of his character._

   $ _70,000 +_
   TOTAL $ _70,000 +_

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**A true copy by photostatic process**
**Attest:**
**Asst. Clerk**

TOTAL $ . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _John M. Wozniak_    DATE: _1/6/05_

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                           SUPERIOR COURT
                                                         C.A. NO.

**FILED**

ATTEST: JAN 1 0 2005     05-0044 *A*

| | |
|---|---|
| JEFFREY PERRO, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT USA, INC., | ) |
| | ) |

**FIRST COMPLAINT AND
JURY DEMAND**

## PARTIES

1.    The plaintiff, Jeffrey Perro (the "Plaintiff"), is an individual who presently resides at 10 Eagle Drive, Douglas, Worcester County, Massachusetts.

2.    The defendant, Home Depot USA, Inc. (the "Defendant"), is a Delaware corporation with a registered agent located at CT Corporation System, 101 Federal Street, Boston, Massachusetts.

## FACTS

3.    In June of 2003 the Defendant hired the Plaintiff as a loss prevention investigator.  As a loss prevention investigator the Plaintiff was responsible for performing tasks, including but not limited to, working undercover to apprehend shoplifters, investigate internal loss and monitor and insure proper operation of security devices.

4.    The Plaintiff was originally assigned to the Defendant's store located in Natick, Massachusetts and in that store performed his duties and responsibilities in a diligent and acceptable fashion.

5.   While in the Natick store the Plaintiff was asked to go on a temporary basis to the Everett store as a result of their loss prevention investigator, Craig Brewer ("Brewer") going away for a number of days.

6.   On August 29, 2003 the Plaintiff went to the Everett store and met with Brewer and the store manager, John Carr ("Carr") to discuss the Plaintiff's upcoming assignment at the Everett store. At that time the Plaintiff was told of internal security and loss issues and informed him that his primary duties would be to apprehend shoplifters. Moreover, the Plaintiff was told to limit his introductions to associates and his role at the store to other employees was on a need to know basis.

7.   The time period spent by the Plaintiff at the Everett store was from August 31, 2003 – September 13, 2003. During that period of time, Brewer called him to the loss prevention office. In the loss prevention office Brewer played a surveillance tape for the Plaintiff depicting a male individual leaving the tool rental area and the store through a side entrance with a nail gun having an approximate value of $300.00-$400.00. The Plaintiff was than directed by both Brewer and Carr to check out the rental department for any signs of a repeat of the theft.

8.   The Plaintiff went to the rental department and confirmed that the tools had a proper EAS tag, which would have set off the alarm upon an attempt to leave the store through the entrance without the EAS tag being disarmed.

9.   Once the Plaintiff had confirmed that the EAS tags were operational the Plaintiff than proceeded to select a tagged piece of merchandise, placed it in a

cart and proceeded to the door towards the EAS alarm detection towers. The Plaintiff took these steps for a number of reasons. First to confirm that the towers were working and secondly to test the employees to confirm that they were not involved in the theft and to that they knew proper procedure for responding to the towers alarms.

10.    At this time the Plaintiff believed that Brewer was monitoring the situation on the surveillance cameras as he was doing when the Plaintiff left the loss prevention room.

11.    The Plaintiff proceeded through the cashier's station without either employee stopping or questioning him and attempted to exit through the gate. At that time, however, the alarm on the EAS tower sounded and the Plaintiff returned into the store where one employee who asked for a receipt finally confronted him. The plaintiff identified himself to the employee, explained the recent theft and how he had just went past him without question, informing him of proper procedure.

12.    Once done, the Plaintiff returned to the loss prevention room where he found Brewer continuing to monitor the surveillance monitors. The Plaintiff informed Brewer that the EAS towers were working fine and the nail gun probably did not have an EAS tag. Brewer then inquired how the Plaintiff tested the EAS towers. The Plaintiff explained how he performed the tests and was told by Brewer that "you should not have done it that way, it does not look good to do it that way." The Plaintiff explained why he did it that way

and that concluded the conversation. The Plaintiff then returned to his duties and finished his shift.

13.    Approximately one week after his return to the Natick store the Plaintiff was called to the loss prevention office by the loss prevention manager, Bart Adler ("Adler"). Once in the office, he was told to sit in a chair in front of a desk. Behind the desk was seated Pedro Garcia, the Divisional Investigations Manager. As the Plaintiff sat down, Adler pulled a seat behind the Plaintiff and also sat down, blocking the door.

14.    Once seated Garcia began extensive interrogation of the Plaintiff implicitedly and expressly accusing the Plaintiff of stealing from the Defendant's stores. As the basis for these accusations, Garcia repeatedly told the Plaintiff that they had him on tape referring to the Everett store incident as described above. The repeated attempts by the Plaintiff to explain the incident were ignored and finally the Plaintiff was informed that he was banned from all the Defendant's stores. Subsequent to that time he was informed of his termination from the Defendant's employ.

15.    The conduct of the Defendants employees towards the Plaintiff as detailed above was done in such a fashion as to be evident to those viewing that the Plaintiff was being escorted out of the store for improprieties concerning merchandise.

**COUNT I**
(Defamation)

16.    The Plaintiff realleges and incorporates by reference those allegations contained in paragraphs 1-14 of the Complaint as if expressly restated herein.

17.    As detailed above, the Defendants conduct exposed the Plaintiff to public ridicule and/or contempt in a considerable and respectable class in the community.

18.    The Plaintiff has met any and all preconditions to bringing this action.

19.    As a result of the Defendants conduct, the Plaintiff has sustained damage.

## COUNT II
### (Infliction of Emotional Distress)

20.    The Plaintiff realleges and incorporates by reference those allegations contained in paragraphs 1-18 of the Complaint as if expressly restated herein.

21.    The Defendant as detailed above acted in an extreme and outrageous manner in its conduct toward the Plaintiff.

22.    In so acting, the Defendant, its agents, representatives, and/or employees, intended such conduct to cause emotional distress or should have known that emotional distress was likely to occur.

23.    The distress caused by said conduct was severe and of a nature that no reasonable person could be expected to endure.

24.    As a direct result of the Defendants actions, the Plaintiff suffered damage.

## COUNT III
### (False Imprisonment)

25.    The Plaintiff realleges and incorporates by reference those allegations contained in paragraphs 1-23 of the Complaint as if expressly restated herein.

26.    As stated in detail, the Defendant through its duly authorized agents, representatives, and/or employees placed upon the Plaintiff certain amounts of restraint on both his time and movement.

27.  At the time the Plaintiff was confronted with allegations and accusations, he was not free to leave with the threat of physical restraint.

28.  As a direct result of the Defendants actions, the Plaintiff suffered damage.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES**

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.  Enter judgment in favor of the Plaintiff and as against the Defendants on Counts I, II, and III of the Complaint;

2.  Enter an award of damages in favor of the Plaintiff and as against the Defendant on Counts I, II, and III of the Complaint;

3.  Award the Plaintiff his costs, including reasonable attorneys fees, in bringing this action; and

4.  Grant such other and further relief as is meet and just.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

John M. Wozniak, BBO#556441
Wozniak & Padula, P.C.
82 Cape Road
Mendon, MA 01756
(508) 478-3788

Dated:  January 6, 2005

A true copy by photostatic process
Attest:
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

*Filed*

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.  05-0044 A

Jeffrey Perro

)
)
)
)  **Plaintiff (s)**
)
v.  )
)
Home Depot USA, Inc.  )  **Defendant (s)**
)

**SUMMONS**

\*   To the above-named Defendant:

     You are hereby summoned and required to serve upon John M. Wozniak
Wozniak & Padula P ........................................................ plaintiff's attorney,
whose address is 92 Cape Rd, Mendon, MA 01756
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

     Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

                   Barbara J. Rouse
Witness, ........................................, Esquire, at Worcester, the 13th ..............
day of January ...................................in the year of our Lord two thousand  and
two .............

A true copy by photostatic process
Attest:
Asst. Clerk

**Clerk**

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

        PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT —
        CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*      NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
       if you claim to have a defense, either you or your attorney must serve a copy of your written
       answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
       Court, Room 21.





COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No. 05-0044A

Jeffrey Pecci

..............Plaintiff

v.

Home Depot USA Inc

..............Defendant

SUMMONS

(Mass. R. Civ. P. 4)

'20

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

January 19, 2005
I hereby certify and return that on 1/19/2005 at 11:00AM I served a true and
attested copy of the Summons, 1st Amended Complaint, Cover Sheet and Tracking
Order, Jury Demand in this action in the following manner: To wit, by delivering in
hand to Y.Concepcion,Process Clerk & agent in charge at time of service,  for Home
Depot USA, Inc., at C/O CT Corporation, 101 Federal Street,  Boston, MA 02105.
Basic Service Fee (LU) ($20.00), Basic Service Fee (IH) ($30.00), Travel ($20.80),
Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $76.80

Deputy Sheriff    John Cotter

*Deputy Sheriff*

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss.**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO. CV 2005-0044 A**

JEFFREY PERRO,
              Plaintiff,

v.

HOME DEPOT U.S.A., INC.
              Defendant.

**NOTICE OF REMOVAL OF**
**ACTION TO FEDERAL COURT**

FILED

FEB 8 - 2005

ATTEST:

CLERK

TO:   Clerk for Civil Business
      Worcester Superior Court
      2 Main Street
      Worcester, Massachusetts 01608

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a  Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts.  Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By its attorneys

Robert P. Joy (BBO No. 254820)
Daniel S. Field  (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109-2605
(617) 523-6666

Date:  February ___, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, John M. Wozniak, Esquire, Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756 by first-class mail this ___ day of February, 2005.

Daniel S. Field

2

%JS 4    '94)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Jeffrey Perro

**DEFENDANTS**
Home Depot U.S.A.,Inc.

**(b)** County of Residence of First Listed Plaintiff    Worcester, Massachusetts
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Fulton, Georgia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John M. Wozniak, Esq.,Wozniak & Padula, PC, 82 Cape Rd., Mendon, MA 01756; 508-478-3788

Attorneys (If Known)
Robert P. Joy, Esq., Daniel S. Field, Esq., Morgan, Brown & Joy, LLP, 200 State Street, Boston, MA 02109-2605; 617-523-6666

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☒ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

|                                          | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State     | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☐ 1   Original Proceeding

☒ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from another district (specify)

☐ 6   Multidistrict Litigation

☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332; 28 U.S.C. §1441, et seq.
Brief description of cause:
State Common Law Defamation, Infliction of Emotional Distress, False Imprisonment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 70,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE                                    DOCKET NUMBER

DATE    2/2/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____ Jeffrey Perro v. Home Depot, U.S.A., Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   ___    I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   _X_    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ___    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   ___    V.     150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES ☐       NO  X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28
   USC §2403)

                                                    YES ☐       NO  X

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES ☐       NO  X

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES ☐       NO  X

7. Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES  X       NO  ☐

         A.    If yes, in which division do all of the non-governmental parties reside?

               Eastern Division  ☐          Central Division  X          Western Division  ☐

         B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
               agencies,  residing in Massachusetts reside?

               Eastern Division  ☐          Central Division  ☐          Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)

                                                    YES ☐       NO  X

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ____ Robert P. Joy, Esq., & Daniel S. Field, Morgan, Brown & Joy, LLP,

ADDRESS __200 State Street, Boston, MA 02109-2605

TELEPHONE NO. _(617) 523-6666

(CategoryForm.wpd - 10/17/02)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2005 FEB -7 P 3: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

JEFFREY PERRO,
            Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
            Defendant.

Civil Action No. _____

**NOTICE OF REMOVAL**

TO:    The Honorable Judges of the
       United States District Court
       District of Massachusetts

Pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446, Defendant Home Depot, U.S.A., Inc. (hereinafter "Defendant" or "Home Depot"), hereby petitions to remove this action from the Massachusetts Trial Court, Worcester Superior Court, in Worcester, Massachusetts to this Court. The grounds for removal are:

1.    Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the District Court for Worcester County, Worcester, Massachusetts, in which said cause is now pending under the name and style, *Jeffrey Perro, Plaintiff v. Home Depot U.S.A., Inc., Defendant*, Civil Action No. 05-0044 A.

2.    Defendant Home Depot was served a Summons and a copy of a Complaint in this action on or about January 21, 2005. A copy of the Summons and Complaint are attached hereto as Exhibit A. Upon information and belief, the Plaintiff is a resident of Douglas, Worcester

1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JEFFREY PERRO,
　　　　　　Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
　　　　　　Defendant.

Civil Action No. _____

**NOTICE OF REMOVAL**

TO:　The Honorable Judges of the
　　　United States District Court
　　　District of Massachusetts

　　　Pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446, Defendant Home Depot, U.S.A., Inc. (hereinafter "Defendant" or "Home Depot"), hereby petitions to remove this action from the Massachusetts Trial Court, Worcester Superior Court, in Worcester, Massachusetts to this Court. The grounds for removal are:

1.　Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the District Court for Worcester County, Worcester, Massachusetts, in which said cause is now pending under the name and style, *Jeffrey Perro, Plaintiff v. Home Depot U.S.A., Inc., Defendant*, Civil Action No. 05-0044 A.

2.　Defendant Home Depot was served a Summons and a copy of a Complaint in this action on or about January 21, 2005. A copy of the Summons and Complaint are attached hereto as Exhibit A. Upon information and belief, the Plaintiff is a resident of Douglas, Worcester

1

County, Massachusetts.

2.     The Worcester Superior Court of the Massachusetts Trial Court, Worcester County,

Massachusetts, the place where the pending action was originally filed, is within the geographic

boundaries of the United States District Court for the District of Massachusetts. 28 U.S.C. §110.

3.     Home Depot desires to exercise its rights under the provisions of 28 U.S.C. §1441, *et*

*seq.*, to remove this action from the Worcester Superior Court.

5.     The action filed by Plaintiff in state court is removable to this Court under 28 U.S.C.

§1441(a) as an action of which this Court has original jurisdiction under 28 U.S.C. §1332.

        (a)     *Diversity of Citizenship:* Plaintiff is an individual resident of the

Commonwealth of Massachusetts. Defendant Home Depot is a corporation organized under the

laws of Delaware, with its principal place of business in Atlanta, Georgia. Accordingly, the

Defendant is a citizen of a state other than Massachusetts and there is diversity of citizenship.

        (b)     *Amount in Controversy:* Upon information and belief, the amount in

controversy exceeds the sum or value of $75,000, exclusive of interest, fees and costs. The

plaintiff claims "$70,000 plus" in damages, exclusive of lost future wages, in his Massachusetts

Trial Court Civil Action Cover Sheet, attached hereto as Exhibit A. Although his estimate of

potential damages is ambiguous, it appears to easily exceed $75,000. The Plaintiff claims

$70,000 plus in "other documented items of damages," as well as unknown reasonably

anticipated lost wages. Plaintiff also apparently seeks compensation for "humiliation and

emotional trauma." Accordingly, this Court has original jurisdiction of this action under 28

U.S.C. § 1332.

3.     Defendants are filing this notice within thirty (30) days of service of the Summons and

Complaint, as required by 28 U.S.C. § 1446.

4.       Defendants will file a Notice of Filing of Removal of Action to Federal Court and a copy

of this Notice of Removal with the Clerk, Worcester Superior Court for Worcester,

Massachusetts, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

5.       Defendants will serve written Notice to Opposing Counsel of Removal of Action to

Federal Court, and copies of this Notice of Removal on opposing counsel pursuant to 28 U.S.C.

§ 1446(d), a copy of which is attached hereto as Exhibit C.

       WHEREFORE, Defendant Home Depot, U.S.A., Inc. prays that the above action now

pending against it in the District Court for Worcester County, Worcester, Massachusetts be

removed therefrom to this Court.

                                          Respectfully submitted,

                                          HOME DEPOT, U.S.A., INC.

                                          By its attorneys

                                          Robert P. Joy (BBO No. 254820)
                                          Daniel S. Field (BBO No. 560096)
                                          MORGAN, BROWN & JOY, LLP
                                          200 State Street
                                          Boston, Massachusetts  02109-2605
                                          (617) 523-6666

Date:  February ___, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, , John M.
Wozniak, Esquire, Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756 by first-class mail
this ____ day of February 2005.

                                          _____
                                          Daniel S. Field

                                          3

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.   05-0011 *A*

Jeffrey Perro          Plaintiff (s)

v.

Home Depot USA, Inc.   Defendant (s)

**SUMMONS**

\* To the above-named Defendant:

You are hereby summoned and required to serve upon *John M. Wozniak*, *Wozniak & Padula, PC* plaintiff's attorney, whose address is *82 Cape Rd. Mendon, MA 01756*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Worcester, the 13th day of January in the year of our Lord two thousand and five.

true copy
1/9/05

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                      SUPERIOR COURT
                                                    C.A. NO.

```
                              )
JEFFREY PERRO,                )
            Plaintiff,        )
                              )
v.                            )
                              )          FIRST COMPLAINT AND
                              )          JURY DEMAND
HOME DEPOT USA, INC.,         )
                              )
```

## PARTIES

1.     The plaintiff, Jeffrey Perro (the "Plaintiff"), is an individual who presently

       resides at 10 Eagle Drive, Douglas, Worcester County, Massachusetts.

2.     The defendant, Home Depot USA, Inc. (the "Defendant"), is a Delaware

       corporation with a registered agent located at CT Corporation System, 101

       Federal Street, Boston, Massachusetts.

## FACTS

3.     In June of 2003 the Defendant hired the Plaintiff as a loss prevention

       investigator.  As a loss prevention investigator the Plaintiff was responsible

       for performing tasks, including but not limited to, working undercover to

       apprehend shoplifters, investigate internal loss and monitor and insure proper

       operation of security devices.

4.     The Plaintiff was originally assigned to the Defendant's store located in

       Natick, Massachusetts and in that store performed his duties and

       responsibilities in a diligent and acceptable fashion.

5.    While in the Natick store the Plaintiff was asked to go on a temporary basis to the Everett store as a result of their loss prevention investigator, Craig Brewer ("Brewer") going away for a number of days.

6.    On August 29, 2003 the Plaintiff went to the Everett store and met with Brewer and the store manager, John Carr ("Carr") to discuss the Plaintiff's upcoming assignment at the Everett store. At that time the Plaintiff was told of internal security and loss issues and informed him that his primary duties would be to apprehend shoplifters. Moreover, the Plaintiff was told to limit his introductions to associates and his role at the store to other employees was on a need to know basis.

7.    The time period spent by the Plaintiff at the Everett store was from August 31, 2003 – September 13, 2003. During that period of time, Brewer called him to the loss prevention office. In the loss prevention office Brewer played a surveillance tape for the Plaintiff depicting a male individual leaving the tool rental area and the store through a side entrance with a nail gun having an approximate value of $300.00-$400.00. The Plaintiff was than directed by both Brewer and Carr to check out the rental department for any signs of a repeat of the theft.

8.    The Plaintiff went to the rental department and confirmed that the tools had a proper EAS tag, which would have set off the alarm upon an attempt to leave the store through the entrance without the EAS tag being disarmed.

9.    Once the Plaintiff had confirmed that the EAS tags were operational the Plaintiff than proceeded to select a tagged piece of merchandise, placed it in a

cart and proceeded to the door towards the EAS alarm detection towers. The Plaintiff took these steps for a number of reasons. First to confirm that the towers were working and secondly to test the employees to confirm that they were not involved in the theft and to that they knew proper procedure for responding to the towers alarms.

10.   At this time the Plaintiff believed that Brewer was monitoring the situation on the surveillance cameras as he was doing when the Plaintiff left the loss prevention room.

11.   The Plaintiff proceeded through the cashier's station without either employee stopping or questioning him and attempted to exit through the gate. At that time, however, the alarm on the EAS tower sounded and the Plaintiff returned into the store where one employee who asked for a receipt finally confronted him. The plaintiff identified himself to the employee, explained the recent theft and how he had just went past him without question, informing him of proper procedure.

12.   Once done, the Plaintiff returned to the loss prevention room where he found Brewer continuing to monitor the surveillance monitors. The Plaintiff informed Brewer that the EAS towers were working fine and the nail gun probably did not have an EAS tag. Brewer then inquired how the Plaintiff tested the EAS towers. The Plaintiff explained how he performed the tests and was told by Brewer that "you should not have done it that way, it does not look good to do it that way." The Plaintiff explained why he did it that way

and that concluded the conversation. The Plaintiff then returned to his duties and finished his shift.

13.   Approximately one week after his return to the Natick store the Plaintiff was called to the loss prevention office by the loss prevention manager, Bart Adler ("Adler"). Once in the office, he was told to sit in a chair in front of a desk. Behind the desk was seated Pedro Garcia, the Divisional Investigations Manager. As the Plaintiff sat down, Adler pulled a seat behind the Plaintiff and also sat down, blocking the door.

14.   Once seated Garcia began extensive interrogation of the Plaintiff implicitedly and expressly accusing the Plaintiff of stealing from the Defendant's stores. As the basis for these accusations, Garcia repeatedly told the Plaintiff that they had him on tape referring to the Everett store incident as described above. The repeated attempts by the Plaintiff to explain the incident were ignored and finally the Plaintiff was informed that he was banned from all the Defendant's stores. Subsequent to that time he was informed of his termination from the Defendant's employ.

15.   The conduct of the Defendants employees towards the Plaintiff as detailed above was done in such a fashion as to be evident to those viewing that the Plaintiff was being escorted out of the store for improprieties concerning merchandise.

## COUNT I
### (Defamation)

16.   The Plaintiff realleges and incorporates by reference those allegations contained in paragraphs 1-14 of the Complaint as if expressly restated herein.

17.  As detailed above, the Defendants conduct exposed the Plaintiff to public ridicule and/or contempt in a considerable and respectable class in the community.

18.  The Plaintiff has met any and all preconditions to bringing this action.

19.  As a result of the Defendants conduct, the Plaintiff has sustained damage.

## COUNT II
### (Infliction of Emotional Distress)

20.  The Plaintiff realleges and incorporates by reference those allegations contained in paragraphs 1-18 of the Complaint as if expressly restated herein.

21.  The Defendant as detailed above acted in an extreme and outrageous manner in its conduct toward the Plaintiff.

22.  In so acting, the Defendant, its agents, representatives, and/or employees, intended such conduct to cause emotional distress or should have known that emotional distress was likely to occur.

23.  The distress caused by said conduct was severe and of a nature that no reasonable person could be expected to endure.

24.  As a direct result of the Defendants actions, the Plaintiff suffered damage.

## COUNT III
### (False Imprisonment)

25.  The Plaintiff realleges and incorporates by reference those allegations contained in paragraphs 1-23 of the Complaint as if expressly restated herein.

26.  As stated in detail, the Defendant through its duly authorized agents, representatives, and/or employees placed upon the Plaintiff certain amounts of restraint on both his time and movement.

27.    At the time the Plaintiff was confronted with allegations and accusations, he was not free to leave with the threat of physical restraint.

28.    As a direct result of the Defendants actions, the Plaintiff suffered damage.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES**

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.    Enter judgment in favor of the Plaintiff and as against the Defendants on Counts I, II, and III of the Complaint;

2.    Enter an award of damages in favor of the Plaintiff and as against the Defendant on Counts I, II, and III of the Complaint;

3.    Award the Plaintiff his costs, including reasonable attorneys fees, in bringing this action; and

4.    Grant such other and further relief as is meet and just.


Respectfully Submitted,
The Plaintiff,
By His Attorney,


John M. Wozniak, BBO#556441
Wozniak & Padula, P.C.
82 Cape Road
Mendon, MA 01756
(508) 478-3788

Dated: January 6, 2005

CIVIL ACTION
COVER SHEET

Superior Court Department
County: Worcester

**PLAINTIFF(S)**
Jeffrey Perro

**DEFENDANT(S)**
Home Depot USA, Inc.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
John M. Wozniak, Wozniak & Padula PC
82 Cape Rd. Mendon, MA 01756
Board of Bar Overseers number: 556111 - (508)478-3788

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from Judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other negligence/PI | (F) | (Y) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ..................... $
2. Total Doctor expenses ...................... $
3. Total chiropractic expenses ................. $
4. Total physical therapy expenses ............ $
5. Total other expenses (describe) ............ Subtotal $ 70,000 approx
B. Documented lost wages and compensation to date ............ $
C. Documented property damages to date ............ $
D. Reasonably anticipated future medical and hospital expenses ............ $ unknown
E. Reasonably anticipated lost wages ............ $
F. Other documented items of damages (describe) $ 70,000 +

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff suffered the humiliation and emotional trauma from being falsely imprisoned together with the defamation of his character.                TOTAL $ 70,000 +

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record John M. Wozniak    DATE: 1/6/05

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. CV 2005-0044 A

JEFFREY PERRO,
          Plaintiff,

v.

HOME DEPOT U.S.A., INC.
          Defendant.

**NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT**

TO:    Clerk for Civil Business
        Worcester Superior Court
        2 Main Street
        Worcester, Massachusetts 01608

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts. Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By its attorneys

Robert P. Joy (BBO No. 254820)
Daniel S. Field  (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109-2605
(617) 523-6666

Date:  February ___, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff,
John M. Wozniak, Esquire, Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756
by first-class mail this ___ day of February, 2005.

Daniel S. Field

2

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss.**

**TRIAL COURT DEPARTMENT**
**WORCESTER SUPERIOR COURT**
**CIVIL ACTION NO. CV 2005-0044 A**

---

JEFFREY PERRO
        Plaintiff,

v.

HOME DEPOT U.S.A., INC.
        Defendant.

**NOTICE TO COUNSEL OF**
**REMOVAL OF ACTION**
**TO FEDERAL COURT**

---

TO:    John M. Wozniak, Esquire
          Wozniak & Padula, PC
          82 Cape Road
          Mendon, Massachusetts 01756

PLEASE TAKE NOTICE that Defendant Home Depot, U.S.A., Inc., in the above-captioned matter, has on the ___ day of February, 2005 in the United States District Court of the District of Massachusetts, filed its Notice of Removal of the above-styled action from the District Court, WORCESTER County, Worcester, Massachusetts, (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the District Court, WORCESTER County, Brockton, Massachusetts.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, WORCESTER County, Worcester, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446

and no further proceedings may be had in this state court action.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,
By its attorneys,

Robert P. Joy (BBO No. 254820)
Daniel S. Field (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109-2605
(617) 523-6666

Date: February ___, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, John M. Wozniak, Esquire Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756 by first-class mail this ___ day of February, 2005.

Daniel S. Field

2

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

TRIAL COURT DEPARTMENT
WORCESTER SUPERIOR COURT
CIVIL ACTION NO. CV 2005-0044 A

JEFFREY PERRO
      Plaintiff,

v.

HOME DEPOT U.S.A., INC.
      Defendant.

NOTICE TO COUNSEL OF
REMOVAL OF ACTION
TO FEDERAL COURT

TO:    John M. Wozniak, Esquire
        Wozniak & Padula, PC
        82 Cape Road
        Mendon, Massachusetts 01756

PLEASE TAKE NOTICE that Defendant Home Depot, U.S.A., Inc., in the above-captioned matter, has on the 7th day of February, 2005 in the United States District Court of the District of Massachusetts, filed its Notice of Removal of the above-styled action from the District Court, WORCESTER County, Worcester, Massachusetts, (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the District Court, WORCESTER County, Brockton, Massachusetts.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, WORCESTER County, Worcester, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446

and no further proceedings may be had in this state court action.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.,
By its attorneys,

Robert P. Joy (BBO No. 254820)
Daniel S. Field (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109-2605
(617) 523-6666

Date: February ___, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff,
John M. Wozniak, Esquire Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756
by first-class mail this ___ day of February, 2005.

Daniel S. Field

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JEFFREY PERRO
        Plaintiff,

v.

HOME DEPOT U.S.A., INC.
        Defendant.

Civil Action No. _____

**NOTICE OF CHANGE OF ADDRESS**

      I, Daniel S. Field, hereby give notice of my address change from the Massachusetts

Attorney General, in Boston, Massachusetts to the law firm Morgan, Brown & Joy, LLP

      Daniel S. Field
      Morgan, Brown & Joy, LLP
      200 State Street
      Boston, MA 02109-2605
      617-523-6666

Respectfully submitted,

Daniel S. Field (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109-2605
(617) 523-6666

Dated: February ___, 2005

1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY PERRO<br>      Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A, INC.<br>      Defendant. | Civil Action No.<br><br>**CORPORATE DISCLOSURE STATEMENT OF DEFENDANT HOME DEPOT U.S.A, INC.** |

Defendant HOME DEPOT U.S.A, INC. ("Home Depot"), pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, submits the following corporate disclosure statement:

1.    The ultimate parent company of Home Depot U.S.A., Inc. is The Home Depot, Inc., a publicly owned corporation.  The Home Depot, Inc. owns the company that owns Home Depot, U.S.A., Inc.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By its attorneys

Robert P. Joy (BBO No. 254820)
Daniel S. Field (BBO No. 560096)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109-2605
(617) 523-6666

Dated: February ___, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff , John M. Wozniak, Esquire Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756 by first-class mail this _____ day of February, 2005.

Daniel S. Field

A true copy by photostatic process
Attest:
Asst. Clerk