UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY PERRO<br>            Plaintiff,<br><br>**v.**<br><br>HOME DEPOT U.S.A., INC.<br>            Defendant. | Civil Action No. 05-40028- FDS |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION BASED UPON LACK OF JURISDICTION

Defendant Home Depot, U.S.A., Inc. ("Home Depot" or "Defendant") opposes Plaintiff's Motion to Remand Action Based Upon Lack of Jurisdiction ("Motion" or "Motion to Remand") in the above-captioned action, which the Defendant, a Delaware Corporation, with a principal place of business in Georgia, has removed to this Court pursuant to 28 U.S.C. § 1441. The Plaintiff asserts that the damages he seeks are $70,000, and that he, therefore, does not expect to recover greater than $75,000.00. The Plaintiff's Motion to Remand should be denied because the Plaintiff appears to incorrectly state the legal standard to be applied by this Court in assessing the "amount in controversy." In fact, the Plaintiff's own estimate of amount in controversy, just "approximately" $5000 less than required, is itself sufficient to meet the Federal jurisdictional prerequisites. 28 U.S.C. 1332(a).[1] To decide otherwise would be to permit Plaintiff to avoid the legitimate exercise of subject matter jurisdiction of this Court

---

[1] Plaintiff attacks only the amount in controversy requirements for this Court to maintain subject-matter jurisdiction over the current matter — there has been no challenge that complete diversity of citizenship exists between the parties.

merely because he has not fully or clearly stated a specific dollar amount in damages in his complaint. The jurisdictional statute and cases decided thereunder certainly do not countenance that result.

It should be noted at the outset that the Plaintiff has not complied with the requirements of Fed. R. Civ. P. 7 and LR 7.1(B) (1). His one-page motion is not accompanied by a memorandum and contains no reference to any legal authority supporting his contention that this Court does not have diversity jurisdiction. In fact, the Plaintiff has not so much as cited the applicable jurisdictional statute upon which his argument apparently rests. His 3-sentence argument refers only to a civil action cover sheet that the Plaintiff filed in Massachusetts' Worcester Superior Court.[2] Plaintiff contends, inaccurately, that the cover sheet indicates that he sought only $70,000 in damages. As a result, the Defendant is left in the awkward position of speculating about other factual bases for Plaintiff's claims, and what legal authority supports his Motion to Remand.

### I.  This Court has Subject Matter Jurisdiction Pursuant To 28 U.S.C. 1332(a)

The Court should deny the Plaintiff's Motion to Remand because the amount in controversy exceeds the jurisdictional limit established in 28 U.S.C. 1332(a). "For the purposes of establishing diversity jurisdiction, the amount in controversy is determined by looking into the circumstances at the time the complaint is filed." *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995). Additionally, "in a

---

[2] The Plaintiff's state court "Civil Action Cover Sheet" indicates that he seeks "$70,000 approx." in documented lost wages and compensation to date, "$70,000+" in "other" damages, and "$70,000+" in total damages. For purposes of this motion, the Defendant incorporates by reference Exhibit A to the Plaintiff's Motion to Remand Action Based Upon Lack of Jurisdiction. References to this document will be styled "Motion to Remand Ex. A."

removal action where plaintiff's complaint does not seek [on its face] monetary damages in excess of the jurisdictional requirement, the best standard is the 'preponderance of the evidence' test. Hence, [defendant] must prove that plaintiff's claims are more likely than not to exceed the $75,000 jurisdictional threshold provided in § 1332(a) in order to defeat plaintiff's motion to remand." *See Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir 1993) (explaining that, in removed actions, defendants bear a burden to show by a preponderance of the evidence – not by a "legal certainty" – that the jurisdictional amount has been met).

The nature of the Plaintiff's claims, coupled with his vague, but noteworthy damage estimates create compelling confirmation that this case meets the 28 U.S.C. 1332(a) threshold comfortably. In fact, Plaintiff's demand for $70,000 "plus" in total damages establishes that the amount in controversy surely meets the jurisdictional requirement; in his Motion to Remand he claims to seek a mere $5000 less than the amount required under the jurisdictional statute. A close examination of his civil action cover sheet creates an even stronger inference supporting denial of remand; Plaintiff's approximately $70,000 lost wage claim does not include additional emotional distress damages he would seek, were he to prove that he suffered extreme mental suffering. The Plaintiff would have had to have endured mental suffering to allege an intentional infliction of emotional distress claim. *See Migliori v. Airborne Freight Corp.,* 426 Mass. 629 (1998) (physical injury or corroborated evidence of mental anguish required to make out an emotional distress claim). And, Plaintiff claims to have "suffered the humiliation and emotional trauma- from being falsely imprisoned together with defamation of his character." *[sic] See* Motion to Remand, Ex. A. Finally, in addition to seeking

approximately $70,000 in lost wages and other compensation, the Plaintiff also claims an "unknown" amount of reasonably anticipated lost wages. *See* Motion to Remand, Ex. A. He also appears to allege "$70,000+" in other damages. *Id.* Together, these damage estimates surely meet the $75,000 minimum amount in controversy requirement.

In diversity cases where the amount in controversy is uncertain, courts must look to state law to determine the nature and extent of the right, such as a damage amount, to be enforced. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961). Plaintiff has alleged violations of Massachusetts law, including defamation (Count I), infliction of emotional distress (Count II), and false imprisonment (Count III). Several Massachusetts cases demonstrate the substantially greater than $75,000 in damages in defamation, intentional infliction of emotional distress and false imprisonment cases. A sampling of reported Massachusetts tort cases reveals substantial non-wage recoveries in cases involving claims similar to Plaintiff's. A case involving alleged defamation and false imprisonment, which involved implied allegations of dishonesty, netted a former employee substantially higher damages than $75,000 following a 2001 trial. *Phelan v. May Department Store Co.*, 443 Mass. 52, 53 (2004) (reversed because plaintiff failed to prove defamation claim). Cases involving damages for defamation or libel, not involving additional tortious conduct; also easily exceed the $75,000 amount in controversy threshold. A police officer received 2/3 of that amount in a damage award in a case reported in 1994 where defamatory information about his professional conduct was published. *Draghetti v. Chmielewski*, 416 Mass. 808 (1994); A jury awarded, and a state court reduced a much larger verdict for defamation. *Linkage Corp. v. Trustees of Boston Univ.*, 425 Mass.1 (1997). Intentional infliction of emotional distress awards also

4

represent potentially substantial monetary damage awards. For example, during the 1980's, a female employee subjected to sexual advances and brief touching was awarded a significantly larger than $75,000 sum for intentional infliction of emotional distress, and assault and battery. *O'Connell v. Chasdi,* 400 Mass. 686, 694 (1987).

In some respects, the present case is similar to *Decker v. Fujicolor Processing, Inc.*, 1998 WL 160038 (N.D. Tex. 1998), where the plaintiff alleged religious discrimination and sought damages for back pay, compensatory damages (including emotional distress), punitive damages, and attorneys fees. The court rejected that plaintiff's argument that remand to state court was in order because his back pay claim alone did not meet the jurisdictional threshold and was not reduced by monies earned in mitigation. *Id.* at*1. The court concluded that it "agrees with [defendant] that the amount in controversy likely exceeds $75,000. Even setting aside the back pay claim, it is facially apparent that the combination of the Other Claims totals at least $75,000. . . . In fact, because [plaintiff's] mental anguish, emotional distress, lost earning capacity, and punitive damages claims potentially involve a substantial amount of damages, it is possible that any one of those claims could exceed $75,000." *Id.* at *1 and n.5. Likewise in the present case, regardless of an award for back pay or other compensatory damages, Plaintiff's claims for emotional distress and non-wage compensatory damages individually could satisfy the amount in controversy requirement. Taken together, they certainly meet the amount in controversy requirement of 28 U.S.C. 1332(a).

Finally, as noted by the First Circuit, "if events subsequent to commencement of the action reduce the amount in controversy below the statutory minimum, the federal court is not divested of jurisdiction." *Coventry Sewage Associates v. Dworkin Realty*

*Co.*, 71 F.3d at 6; *See Rogers v. Walmart Stores, Inc.,* 230 F.3d 868 (6th Cir. 2000) Hence, from the good faith perspective of determining valuation of damages sought by Plaintiff in this matter, it is evident by a preponderance of the evidence that jurisdiction is proper.

The Plaintiff seeks lost wages and compensation of approximately $70,000; and uncertain other compensatory damages arising from 3 separate torts, each of which alone could exceed $75,000.  Together, his claims, and the damage estimate in his civil action cover sheet conclusively present an amount in controversy that meets the requirements of 28 U.S.C. 1332(a).  Home Depot has demonstrated that Plaintiff's $70,000 "plus" demand, coupled with the nature of the rights and remedies to be imposed under state law demonstrates that more likely than not the amount in controversy exceeds the $75,000 threshold.  28 U.S.C. 1332(a).  The Plaintiff's Motion to Remand should accordingly be denied.

    Respectfully submitted,

    HOME DEPOT, U.S.A., INC.

    By its attorneys

    /s/ Daniel S. Field
    Robert P. Joy (BBO No. 254820)
    Daniel S. Field (BBO No. 560096)
    MORGAN, BROWN & JOY, LLP
    200 State Street
    Boston, Massachusetts  02109-2605
    (617) 523-6666

Dated:  April 22, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff , John M. Wozniak, Esquire Wozniak & Padula, PC, 82 Cape Road, Mendon, Massachusetts 01756 by first-class mail this 22nd day of April, 2005.

/s/ Daniel S. Field
Daniel S. Field