UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JEFFREY PERRO,                              )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )     05-40028-FDS
                                            )
HOME DEPOT U.S.A., INC.,                    )
                                            )
    Defendant.                              )
                                            )

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO REMAND

Jeffrey Perro, a citizen of Massachusetts, brought this action against Home Depot U.S.A., Inc., in Worcester Superior Court. Perro alleges that Home Depot committed various torts against him in connection with his termination from a position as a loss-prevention investigator. Home Depot subsequently removed the case to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1441, 1332. Perro now moves to remand the matter to state court. *See* 28 U.S.C. § 1447. The only question before the Court is whether this action satisfies the $75,000 amount-in-controversy requirement for diversity jurisdiction.[1] Because the Court concludes that the amount in controversy more likely than not exceeds $75,000, the motion to remand will be denied.

**I.   Background**

Home Depot is a Delaware corporation with a principal place of business in Georgia. Jeffrey Perro resides in Douglas, Massachusetts. According to the complaint, Perro was employed by Home Depot as a loss-prevention investigator at the time the allegedly tortious

---

[1] Perro does not dispute that complete diversity of citizenship exists between the parties.

conduct occurred. Specifically, Perro alleges that he left a Home Depot store with an expensive piece of merchandise to test whether a certain set of security towers was functioning properly. Home Depot representatives allegedly misunderstood his actions and accused him of stealing the merchandise. The circumstances surrounding this accusation—including his interrogation by Home Depot representatives and his termination—form the basis of his claims of false imprisonment, defamation, and intentional infliction of emotional distress.

On the civil action cover sheet that accompanied the complaint filed by Perro in Superior Court, Perro indicated that he had suffered "$70,000 approx" [*sic*] in "[d]ocumented lost wages and compensation to date" and an "unknown" amount of "[r]easonably anticipated lost wages." Perro also indicated that he suffered "humiliation and emotional trauma from being falsely imprisoned together with the defamation of his character." He listed his total amount of damages as "$70,000 +."

Perro has moved to remand the case to state court on the grounds that the amount in controversy requirement has not been met, because the "Civil Action Cover Sheet was filed indicating the damages sought in this case to be in the amount of $70,000.00." Home Depot opposes remand, contending that the amount in controversy clearly exceeds the jurisdictional threshold.

**II.     Standard of Review**

A case removed from state court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Provided that complete diversity exists between the parties, this Court has subject-matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000." 28

U.S.C. § 1332(a).  The removing defendant bears the burden of demonstrating the subject-matter jurisdiction of the federal court.  *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999).  There is a presumption against removal, and any doubts as to this Court's jurisdiction must be resolved in favor of remand.  *Tremblay v. Philip Morris, Inc.*, 231 F. Supp. 2d 411, 414 (D.N.H. 2002).

Where, as here, the defendant cites diversity of citizenship as the grounds for federal jurisdiction, it must show that the amount-in-controversy requirement is satisfied.  *Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1, 2 (D. Me. 2004); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 219 (D.N.H. 2004).  "The complaint itself normally suffices to make this showing where the plaintiff has demanded at least the jurisdictional minimum."  *Evans*, 326 F. Supp. 2d at 219.  A different analysis applies, however, where the plaintiff's estimate of damages is indeterminate or in dispute.

The First Circuit has not determined the appropriate standard of proof to be used to ascertain whether a defendant has met the amount-in-controversy requirement where, as here, the defendant contends that the amount in controversy exceeds the sum claimed by the plaintiff.  *Doughty v. Hyster New Eng.*, 344 F. Supp. 2d 217, 218-19 (D. Me. 2004); *Tremblay*, 231 F. Supp. 2d at 414 n.2.  Home Depot argues, and the district courts in this circuit have agreed, that the preponderance-of-the-evidence standard applies in such a case.  *See, e.g., Doughty*, 344 F. Supp. 2d at 219; *Evans*, 326 F. Supp. 2d at 219-20; *Tremblay*, 231 F. Supp. 2d at 414 n.2; *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002).  Accordingly, Home Depot can meet its burden if it can establish that the value of Perro's claims, if successful, will more likely than not exceed $75,000.

**III.    Discussion**

It should be noted at the outset that Perro has not complied with the requirements of Fed. R. Civ. P. 7 and L.R. 7.1(B) (1) of the District of Massachusetts.  His four-sentence motion is not accompanied by a memorandum of law and contains no reference to any legal authority supporting his position.  In fact, Perro has not so much as cited the applicable jurisdictional statute upon which his argument apparently rests.  He refers only to a civil action cover sheet that he filed in the Superior Court.  As a result, the Court is forced to speculate about the factual basis for Perro's claims and the legal authority he believes supports his motion to remand.

In any event, Perro's motion states that remand is proper because the "Civil Action Cover Sheet was filed indicating the damages sought in this case to be in the amount of $70,000.00."  Notably, Perro's motion does *not* state that the amount in controversy actually is less than $75,000, only that the cover sheet seeks damages of $70,000.[2]  Even that statement is not correct; the cover sheet actually lists total damages as "$70,000 +," which obviously means an amount in excess of $70,000.  The question presented, therefore, is whether the complaint seeks damages, other than for past lost wages, of more than $5,000.

Where a complaint alleges an amount of damages, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Radlo v. Rhone-Poulenc, S.A.*, 241 F. Supp. 2d 61, 63 (D. Mass. 2002) (quoting *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001)).  A defendant, however, may challenge a plaintiff's valuation of his claim.  *Id.*  Home Depot argues that the Court should make an independent appraisal of the nature of Perro's claims

---

[2] To the Court's knowledge, counsel for plaintiff has not offered to stipulate that Perro will not seek more than $75,000 in damages.  *Cf. Satterfield*, 334 F. Supp. 2d at 3-4 (granting motion to remand where plaintiff stipulated to limit her claim to $75,000).

and the relief sought and conclude that, if successful, Perro's damages will exceed $75,000.[3]

The amount in controversy should be measured by "a reasonable reading of the value of the rights being litigated." *Gabrielle*, 210 F. Supp. 2d at 65 (internal quotation omitted). Perro's complaint asserts three theories of recovery: defamation, intentional infliction of emotional distress, and false imprisonment. As to the claim for defamation, Perro alleges that Home Depot's conduct "exposed the Plaintiff to public ridicule and/or contempt," from which he "sustained damage." Complaint, ¶¶ 17, 19. As to the claim for intentional infliction of emotional distress, Perro alleges that Home Depot's conduct caused him "severe" emotional distress, "of a nature that no reasonable person could be expected to endure," from which he "suffered damage." Complaint, ¶¶ 22, 23. As to the claim for false imprisonment, Perro alleges that he was "confronted with allegations and accusations" and "was not free to leave with the threat of physical restraint," from which he "suffered damage." In addition, on his civil action cover sheet, Perro states that he suffered "the humiliation and emotional trauma from being falsely imprisoned together with the defamation of his character." Perro does not attempt to quantify the damages he suffered as a result of those injuries, other than the past lost wages.

The question then, is whether it is more likely than not—if he prevails—that Perro's damages for humiliation and emotional distress and his future lost wages will exceed $5,000. The Court concludes that it is. To succeed on his claim for intentional infliction of emotional distress, Perro will have to prove that the emotional distress was severe. *See Agis v. Howard Johnson*

---

[3] Mass. R. Civ. P. 54(c), tracks its federal counterpart and provides: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." It has not gone unnoticed that such a provision "might enable a plaintiff to claim in [his] complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

5

*Co.*, 371 Mass. 140, 145 (1976). If Perro prevails on his claim for false imprisonment, he will be entitled to damages for emotional distress. 37 Joseph R. Nolan & Laurie J. Sartorio, *Massachusetts Practice: Tort Law*, § 17 (2d ed. 1989). And, if he prevails on his defamation claim, in addition to economic damages, he will be entitled to damages in compensation for emotional distress, humiliation, and injury to his reputation. *Ravnikar v. Bogojavlensky*, 438 Mass. 627, 630 (2003); *Draghetti v. Chmielewski*, 416 Mass. 808, 815-16 (1994) (upholding $50,000 jury award). It is unclear what the amount of future lost wages might be, but because the claim for past wages is $70,000, it seems likely that the claim for future wages is not *de minimis*. Taken together, the likely value of those claims easily exceeds $5,000.

Based on the preceding discussion, it is apparent from Perro's complaint that the value of his claims very likely exceeds $75,000. Home Depot has therefore carried its burden to show that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of 28 U.S.C. 1332(a), and that jurisdiction in this Court is proper. *See Evans*, 326 F. Supp. 2d at 222.

**IV.    Conclusion**

For the reasons set forth above, plaintiff's motion to remand is hereby DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 9, 2005